UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY BARNETT,

        Petitioner,

v.                                     CASE NO. 05-CV-70063
                                   HONORABLE JOHN CORBETT O'MEARA

RAYMOND BOOKER,

        Respondent.
_____/

**<u>ORDER DENYING PETITIONER'S MOTION
FOR A CERTIFICATE OF APPEALABILITY,
BUT GRANTING LEAVE TO PROCEED
IN FORMA PAUPERIS ON APPEAL</u>**

    Petitioner Gregory Barnett has appealed the Court's opinion denying his habeas corpus petition. Currently pending before this Court are Petitioner's motion for a certificate of appealability and his application to proceed without prepayment of the appellate filing fee.

    "[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability]." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A [certificate of appealability] may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The habeas petition challenges Petitioner's state convictions for first-degree murder and possession of a firearm during the commission of a felony (felony firearm).  The grounds for relief read:

I.  The trial judge erred in refusing to grant a continuance to locate a witness critical to the defense.

II.  The judge erred in refusing to instruct the jury on the lesser offense of manslaughter.

III.  There was insufficient evidence adduced at trial to convict Mr. Barnett of first-degree premeditated murder.

The Court found no merit in the first claim because the decision not to adjourn the trial for some undetermined date when a defense witness might have been willing and able to testify was not arbitrary or capricious and did not result in actual prejudice to the defense.  The Court noted that the witness's testimony would have been cumulative to some extent and would not have supported Petitioner's claim that the shooting was justified.

The Court determined that Petitioner's claim about a jury instruction on the lesser-included offense of manslaughter was not cognizable on habeas review.  The Court also stated that the claim lacked merit because there was insufficient evidence of adequate provocation to support a jury instruction on voluntary manslaughter.  The Court rejected Petitioner's challenge to the sufficiency of the evidence, because it was undisputed that Petitioner shot and killed the victim, and his conduct suggested that he planned the shooting and acted deliberately.

Reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong.  Therefore, Petitioner's motion for a certificate of appealability [Doc. 25, Apr. 11, 2007, at 25] is DENIED.  However, because the issues are not frivolous, the Court GRANTS

Petitioner's application for leave to proceed without prepayment of the appellate filing fee. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(2).

s/John Corbett O'Meara  
United States District Judge

Dated: April 20, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 20, 2007, by electronic and/or ordinary mail.

s/William Barkholz  
Case Manager

3